Meyer v. Louisville, &c., Railway Company,

CASE 61—PETITION ORDINARY—DECEMBER 4.

# Meyer v. Louisville, &c., Railway Company.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

| 98 | 365 |
|---|---|
| 136 | 482 |

1. MALICIOUS PROSECUTION—PROBABLE CAUSE A QUESTION OF LAW.—
   In an action for malicious prosecution it not being disputed that the defendant received the information upon which he claimed to base the prosecution, the question as to whether the information was sufficient to constitute "probable cause" is one of law for the court; and the trial court having correctly found as matter of law in this case that the information received by defendant did constitute "probable cause," a peremptory instruction to find for defendant was proper.

2. SAME.—Where sealed cars of a freight train had been repeatedly broken open and thefts committed, and a brakeman on the train, theretofore of good standing, confessed to the officers of the company that he and another had on one occasion broken open a car, that appellant, the conductor of the train, saw them taking tobacco therefrom, and that they then took the tobacco to the caboose where appellant was and divided it among the three, burning the box in which it had been, this information gave the rail-

road company probable cause to believe the appellant to be guilty of tne offense of feloniously breaking and entering into a railroad car with intent to steal therefrom.

SIMRALL, BODLEY & DOOLAN AND O'NEAL, PHELPS & PRYOR FOR APPELLANT.

1. The holding over by an examining court is only *prima facie* evidence of probable cause and not conclusive. (4 Minor's Inst., part 1, p. 433; Maddox v. Jackson, 4 Munf., 462; Dismer v. Herber, 75 Cal., 287; Bacon v. Tourn, 4 Cush., 236; Womack v. Circle, 29 Gratt., 205; Goodrich v. Warner, 21 Conn., 432; Garrard v. Willett, 4 J. J. Mar., 628.)

2. Malice will be inferred from the want of probable cause, whether or not there has been an inquiry into the merits of the case. (Frowman v. Smith, Litt. Sel. Cas., 7; Holbern v. Neal, 4 Dana, 120; 1 Hilliard on Torts, 447; Marshall v. Maddock, Litt. Sel. Cas., 106; Garrard v. Willet, 4 J. J. Mar., 630; Ullman v. Abrams, 9 Bush, 742.)

3. When the facts are disputed the court should submit to the jury the question as to the existence of probable cause. (4 Minor's Inst., part 1, p. 433; 1 Hilliard on Torts, p. 438.)

HELM & BRUCE FOR APPELLEE.

1. The judgment of the justice holding Meyer over is conclusive evidence that there existed probable cause for the prosecution. (Reynolds v. Kennedy, 1 Willson, King's Bench, 232; Griffith v. Sellers, 4 Dev. & Bat., 176; Welch v. Boston & Providence Ry. Co., 14 R. I., 609; Whitney v. Peckham, 15 Mass., 243; Cloon v. Gerry, 79 Mass. (13 Gray), 201; Payson v. Caswell, 22 Me., 212; Witham v. Gowen, 14 Me., 362; Phillip v. Kalamazoo, 53 Mich., 33; Dennehey v. Woodson, 100 Mass., 197; Spring v. Besore, 12 B. M., 554; Kaye v. Kean, 18 B. M., 844; Adams v. Beckwell, 25 N. E. 804.)

2. It is for the jury to say whether the disputed facts exist. But if upon the whole evidence there be any facts established beyond dispute, it is a pure question of law whether these established facts constitute probable cause, and this question should be decided by the court. (Newell on Malicious Prosecution, p. 14; Farris v. Starke, 3 B. M., 4.)

3. There is always probable cause for the prosecution whenever there exists reasonable grounds for a *suspicion* that the party prosecuted has committed a public offense. (Newell on Malicious Prosecution, pp. 252, 267, 269; Willis v. Noyes, 29 Mass.; Frow-

man, &c., v. Smith, Litt. Sel. Cases, 7; s. c. 12 Am. 'Dec., 266, note; Davie v. Wister, 72 Ill., 262; Bacon v. Towne, 4 Cush., 238.)

4. Unless there has been a discharge or acquittal upon investigation into the merits of the charge, malice can not be *implied* from want of probable cause. In such cases *express* malice must be shown or the plaintiff's case fails. (Frowman v. Smith, Litt. Sel. Cases, 7.)

5. If it be held that the judgment of the examining court is only *prima facie* evidence of probable cause, then that *prima facie* case can be overcome only by evidence of facts not brought out at the examining trial. (Garrard v. Willett, 4 J. J. Mar., 630.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was a conductor on a freight train of the appellee, and was arrested, with two others composing his crew, at the instance of the company, for feloniously breaking and entering into a railroad car with intent to take, steal and carry away certain property. After being confined in jail in Louisville about a week the charge was dismissed by the court for want of jurisdiction, it appearing that the alleged offense was not committed within Jefferson county.

The accused persons were immediately arrested and taken to Cloverport where a trial before an examining court resulted in an order holding the parties over.

The chief witness for the Commonwealth was one of the crew who had confessed to the crime before the arrests and who, in a measure, implicated the appellant and another. This witness failed to appear before the grand jury for two succeeding terms and the prosecution was abandoned. Thereupon the appellant brought this action for malicious prosecution. A trial resulted in a verdict for $5,000, which, however, was set aside by the court upon the ground that the established and uncontroverted facts showed that there was probable cause for the arrest.

Upon second trial on the same evidence the jury were accordingly instructed to find for the defendant. The complaint of the appellant is that the facts relied on by the appellee as establishing probable cause, were all put in issue by the proof and stood controverted. And it is certainly true that the statements of the witness, Allen, upon which the company in the main acted in getting out the warrants of arrest, were contradicted, and, we may assume, shown to be false in fact. Indeed, we may assume that the appellant has shown himself to be entirely free from any suspicious connection with the crime for which he was arrested and held over. But it is also true that these statements of the witness were, in fact, made to the appellee while it was investigating the thefts committed on its cars under the management of the appellant and before his arrest was decided on. It is undisputed that thefts were repeatedly committed and sealed cars broken open on his train; that the witness, Allen, a brakeman, and theretofore of good standing, confessed to the company, first, that he and one Roberts broke open the car on one occasion; and, second, that appellant saw them while engaged in getting tobacco therefrom; and, third, that they took the tobacco to the caboose, where appellant was, and divided it among the three, burning the box which contained it in the stove.

Undoubtedly on this state of case the guilt of the appellant was clearly indicated. Any judicious and prudent person would have been impelled to that belief. Legal advice was, therefore, taken and the arrests followed. There is no pretense of express malice, and to our mind the existence of probable cause is manifest, and the instruction to that effect was proper.

Mr. Newell, in his work on Malicious Prosecution (page

14), says: "What facts and circumstances amount to prob-able cause is a pure question of law. Whether they exist or not, in any particular case, is a pure question of fact. The former is exclusively for the court; the latter for the jury, when the facts are in controversy, the court instructing them as to the law."

The same author (page 267) further says: "In actions for malicious prosecution the real controversy is generally upon the question of probable cause, the want of which is a vital and indispensable element in the plaintiff's case, and as to which the burden of proof is upon him. Whether there was want of such cause is a question of law upon the facts proved. It is to be judged of, not upon the actual state of the case, but upon the honest and reasonable belief of the party that instituted the proceeding complained of."

The author (page 269), speaking of the trial of this ques-tion by a jury, says: "It seems difficult for them to appreci-ate, if the plaintiff was really innocent of the charge for which he was prosecuted, that he still ought not to recover. They do not readily comprehend why an innocent man may be prosecuted for a supposed crime or offense, and yet have no recourse against the prosecutor who caused his arrest and imprisonment; and yet the preservation of the peace and the good order of society requires that every innocent man may be compelled to submit to great inconveniences and hard-ships, rather than that citizens should be deterred from in-stituting prosecutions where there is reasonable or probable grounds to believe in the existence of guilt."

This text is supported by numerous cases.

In Faris v. Starke, 3 B. M., 4. a prosecution was instituted on the confession of an accomplice with but slight corrobor-ating circumstances, and the court held that whether prob-

able cause was shown was a matter of law and determined that such cause did exist in that case. The court said further that "the law, therefore, protects the prosecutor if he have reasonable or probable cause for the prosecution—that is, if he have such ground as would induce a man of ordinary prudence and discretion to believe in the guilt and to expect the conviction of the person suspected, and if he acts in good faith on such belief and expectation."

To the same effect is the case of Rives v. Wood, 12 Ky. Law Rep., 692.

The authority relied on by counsel for the appellant is not in conflict with that cited by us. On the contrary the citation from 1 Hilliard on Torts, page 438, is directly in line with Newell and other authority cited.

That author says: "The question of probable cause in an action for malicious prosecution, more especially where the testimony is conflicting, is a mixed question of law and fact. When the facts are uncontested it is the duty of the judge to apply the law and determine the issue. If there are contested facts he should charge the jury, hypothetically, upon the state of facts claimed by each party."

Upon this authority, therefore, the jury must have been instructed that if from the testimony they believed that certain thefts had been traced to the crew of which the plaintiff was a member and of which he was the foreman and conductor in charge of the train, and that information of a character to induce a reasonably discreet person to believe it had been given to the defendant to the effect that these thefts had been committed in the presence of the plaintiff and the car broken open with his knowledge and without protest on his part, and the stolen articles divided among the crew, including the plaintiff, then the law presumes the ex-

istence of probable cause for the arrest and they should find for the defendant.

There is not an element of dispute involved in this statement of facts. The jury could not, therefore, disbelieve them, if they would, and it would have been an idle thing to submit the proposition to them. Neither the guilt nor innocence of the plaintiff, nor the truth of the information, is involved.

The foregoing principles are conclusive of the case, and it is unnecessary to discuss the question of the appellee's submission of the case to an attorney before making the arrests, or the effect of the trial by the examining court.

Judgment affirmed.