CASE 58.—ACTION BY CLARENCE GRAVIT AGAINST W. H. STEPHENS FOR MALICIOUS PROSECUTION.—January 25, 1910.

## Stephens v. Gravit

Appeal from Graves Circuit Court.

R. J. BUGG, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Malicious Prosecution—Actions—Elements of Action—Want of Probable Cause.—That plaintiff in an action for malicious prosecution was acquitted in the prior criminal prosecution would not require a verdict for him in absence of a further showing that the criminal case was instituted against him maliciously and without probable cause.
2. Malicious Prosecution—Actions—Defenses.—Defendant in an action for malicious prosecution may show as a defense that he acted prudently, and had reasonable grounds to believe that plaintiff was guilty of the offense charged.
3. Malicious Prosecution—Actions—Defenses—Advice of Counsel.—That defendant acted on the advice of a magistrate in instituting the prosecution would not be a defense to a suit for malicious prosecution, though the advice of a competent attorney would be a defense.

4. Malicious Prosecution—Actions—Presumptions.—Where there was no evidence that a magistrate, on whose advice a criminal prosecution was instituted, was a competent practicing attorney, or learned in the law, it cannot be presumed that he was either, so as to constitute a defense to an action for malicious prosecution.

5. Malicious Prosecution—Actions—Sufficiency of Evidence—Want of Probable Cause.—In an action for malicious prosecution for arresting plaintiff and another for horse stealing, evidence held to warrant a finding that the arrest of plaintiff was malicious, and without probable cause.

6. Malicious Prosecution—Excessive Damages.—A verdict for $500 in an action for malicious prosecution by having plaintiff arrested for stealing a horse was not excessive.

SPEIGHT & DEAN for appellant.

WEBB & SEAY and JAMES T. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was brought by the appellee, Gravit, against the appellant, Stephens, for malicious prosecution. Upon a trial before a jury the damages were assessed at $500, and judgment entered accordingly. A reversal is asked for errors in instructing the jury, and because the verdict is excessive.

It appears that Stephens, who was a farmer living in Tennessee, sold a horse to one Grover Handley, whose parents lived in Kentucky, but who was at the time a farm hand in Tennessee. In payment for the horse Handley gave Stephens his interest in a crop of tobacco, and also agreed to work for him 2½ months; the price of the labor being estimated at $50. Stephens claimed that in the contract, which was verbal, he retained a lien on the horse to secure the payment of the $50, and that the horse was to remain in his possession until this amount was paid or the work done. Handley agreed that he bought the horse for

the price mentioned, but denied that Stephens retained any lien on the horse or that it was to remain in his possession until paid for.   After Handley had worked for Stephens about a week, he concluded that he wanted to ride or drive the horse to his father's, and with Gravit and other boys he went to Stephens' pasture where the horse was, and took him to a neighbor's place. A little later in the day Handley, in company with  Gravit, who was assisting him with the horse, started on his way to his father's.   Gravit only went a short distance, returning to his home in Tennessee.   On the following day Stephens received information that Handley without his knowledge or consent and with the assistance of Gravit had taken the horse out of the state, and was not going to pay for him or return to finish the work he agreed to do. After obtaining this information, he went to a justice of the peace in Tennessee and laid before him the facts for the purpose of getting his advice as to whether or not a warrant should be issued for the arrest of Handley and Gravit.   The magistrate, after hearing Stephens' statement of the contract and the evidence of others as to Handley's intentions, concluded that Handley and Gravit in taking possession of the horse and removing him out of the state committed the crime of horse stealing, and he issued a warrant for the arrest of each of them on this charge. Gravit, upon his arrest under the warrant, gave bond for his appearance at an examining trial before the magistrate, and a few days afterwards was tried and discharged.

  The evidence is very satisfactory that, if Stephens had a lien on the horse or was to retain its possession, Gravit did not know it, and also that he did not know

that Handley had any intention, if he did have, of taking the horse away without paying Stephens or returning to do the work he agreed to do. Stephens in his answer denied that he acted maliciously or with- out probable cause, and set out the information on which he acted. He further averred that, before ob- taining the warrant, he stated fully to the magistrate in whose judgment and discretion he had confidence all the facts concerning the case, and in procuring the warrant to be issued acted upon his advice. It is now the contention of his counsel that Stephens had probable cause, based on reasonable information, to believe that Gravit had committed the crime of horse stealing, and that, as he had laid all the facts before the magistrate and was advised by him to have the warrant of arrest issued, the jury should have been instructed to return a verdict in his favor.

In actions for malicious prosecution, the mere fact that the plaintiff had been acquitted or discharged on the trial of the prosecution is not in itself sufficient to authorize a judgment in his favor in a civil suit to recover damages for malicious prosecution. In ad- dition to producing evidence of his arrest and ac- quittal of the charge, he must also introduce testi- mony conducing to establish that the criminal prose- cution instituted against him was malicious and with- out probable cause. Lancaster v. Langston, 36 S. W. 521, 18 Ky. Law Rep. 299; Jones v. L. & N. R. R. Co., 96 S. W. 793, 29 Ky. Law Rep. 945. On the other hand, the defendant may introduce evidence showing or conducing to show, that he acted with prudence and discretion, and had reasonable grounds to believe that the plaintiff was guilty of the offense for which he was arrested. Meyer v. Louisville, etc. Ry. Co., 98 Ky. 365, 33 S. W. 98, 17 Ky. Law Rep. 945; Ahrens

& Ott Mfg. Co. v. Hoeher, 106 Ky. 692, 51 S. W. 194, 21 Ky. Law Rep. 299; Metropolitan Life Ins. Co. v. Miller, 114 Ky. 759, 71 S. W. 921, 24 Ky. Law Rep. 1561; Anderson v. Columbia Finance & Trust Co., 50 S. W. 40, 20 Ky. Law Rep. 1792. He may also show that before instituting the prosecution he consulted with a competent practicing attorney and placed before him a full and fair statement of all the facts, and was advised by him to have, or that he might safely have, the criminal proceeding instituted. If he does this, and the attorney advises that an offense has been committed, the client may safely act on his advice and will be protected, although an acquittal may follow. Farmers' & Traders' Tobacco W. Co. v. Gibbons, 107 Ky. 611, 55 S. W. 2, 21 Ky. Law Rep. 1348; National L. & A. Ins. Co. v. Gibson, 101 S. W. 895, 31 Ky. Law Rep. 101, 12 L. R. A. (N. S.) 717; Tandy v. Riley, 80 S. W. 776, 26 Ky. Law Rep. 98; Gatz v. Harris, 134 Ky. 550, 121 S. W. 463. But the fact that Stephens laid all the facts before a magistrate and acted upon his advice was not sufficient to constitute a defense. The general rule, and the one that we approve, is that it is necessary to lay the facts before, and obtain the advice of, a competent practicing attorney; in other words, a person learned in the law. Newell on Malicious Prosecution, p. 310; 26 Cyc. 31; 19 Am. & Eng. Ency. of Law, 687. There is no evidence that the Tennessee squire was a competent practicing attorney or learned in the law, and, in the absence of such evidence, we can not presume that he was either.

The trial court permitted all the evidence offered by either party that shed any light upon the issues involved to go to the jury. Stephens was permitted to relate all the information upon which he acted and

to give his reasons for believing that he was justified in having the warrant of arrest issued. If Stephens carefully and fully investigated the facts connected with the taking of the horse, and in good faith had reasonable grounds based on sufficient evidence to warrant a person of ordinary judgment and reasonable discretion to believe that his horse had been stolen, he had the right to obtain a warrant for the arrest of the guilty parties. But all this was put in issue by Gravit, and it was for the jury to say from the evidence under proper instructions whether the facts and circumstances were sufficient to justify a man of ordinary prudence and reasonable discretion in believing in good faith that the offense had been committed. In view of the fact that the advice of the magistrate did not afford Stephens any protection, the instructions given were more favorable to Stephens than the law authorized. The jury should not have been told that the advice of the magistrate constituted a defense. The jury, after hearing all the evidence, came to the conclusion that the arrest of Gravit was not only malicious, but without probable cause, and we can not say that the evidence did not warrant them in so finding. If the testimony introduced in behalf of Gravit was true, the jury had the right to believe there was little excuse for his arrest. It is quite a serious matter to be arrested on the charge of horse stealing, and we do not feel authorized to say that the verdict was excessive.

Wherefore, the judgment is affirmed.