## Crutchfield v. Mansfield.

(Decided April 17, 1934.)

W. T. FOWLER and FOWLER, WALLACE & FOWLER for appellant.

GUY H. BRIGGS and POLK SOUTH, Jr., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In an action for damages for alleged malicious prosecution, W. M. Mansfield, Jr., has recovered judgment against P. H. Crutchfield for $800, and the latter is appealing.

When appellant's motion for new trial was overruled, he prayed an appeal and asked for time to prepare and file a bill of exceptions, which was granted. Due to misunderstanding or oversight, the bill of exceptions was not tendered within the time given, but thereafter, upon affidavits setting forth reasons why the bill of exceptions was not seasonably filed, the lower court entered a nunc pro tunc order approving and filing same; however, upon motion of appellee made in this court after the appeal was filed, the bill of exceptions was stricken from the record. It is therefore unnecessary to consider argument that the lower court, upon the showing made, properly permitted the bill of exceptions to be filed.

It is likewise unnecessary to give attention to argument that the evidence was not sufficient to warrant the submission of the case to the jury and that the instructions given were erroneous, since this court in the circumstances is only called upon to determine whether the pleadings are sufficient to sustain the judgment. The prevailing rule in this jurisdiction is that in the absence of a bill of exceptions or where the bill of exceptions has been stricken from the record, the only question to be determined by the court is the sufficiency of the pleadings to support the verdict and judgment. Miller's Appellate Practice, sec. 76, pp. 129, 130; City of Hazard v.

Eversole, 246 Ky. 721, 56 S. W. (2d) 329; Northcutt v. Nicholson, 246 Ky. 641, 55 S. W. (2d) 659.

Coming to a consideration of the sufficiency of the pleadings, it will be found that the petition alleges in substance and effect that appellant appeared before the grand jury of Franklin county and without probable cause falsely and maliciously made oath before that body and charged appellee and other persons named in the petition with the crime of unlawfully, willfully, falsely, knowingly, fraudulently, and feloniously obtaining money under false pretenses from appellant, and did by his false statements and malicious acts procure the grand jury to return an indictment against appellee charging him with the crime of obtaining a sum of money from appellant under false pretenses; that the testimony given by appellant before the grand jury was false, untrue, and unfounded and that appellant knew that such was false, untrue, and without foundation; that immediately after the return of the indictment appellee was taken in custody and required to execute bond for his appearance to answer the charges in the indictment; that when arraigned in court on the indictment he entered a plea of not guilty and was placed on trial before a legally empaneled jury; and that at the close of all the evidence the commonwealth's attorney in charge of the prosecution entered a motion to dismiss the indictment against appellee, which motion was sustained by the court, whereupon appellee was discharged from custody. Without going into further detail as to the allegations of the petition, it is apparent that under the foregoing and other allegations as to the widespread publicity given the indictment and trial and the humiliation, etc., suffered by appellee as a result thereof, it is sufficient to sustain the judgment.

Judgment affirmed.