## Bannon v. McDonald.

(Decided Oct. 8, 1937.)

HUGGINS & HOGAN for appellant.

WOODWARD, DAWSON & HOBSON and THOMAS S. DAWSON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellant, M. J. Bannon, brought this action against appellee, A. P. McDonald, for alleged malicious prosecution. A demurrer was sustained to his petition as amended, he thereupon declined to plead further, the petition was dismissed, and this appeal followed.

In substance, the petition alleged that appellee appeared before the grand jury of Jefferson county in April, 1935, and then and there, without probable cause,

falsely and maliciously made oath before the grand jury, and charged appellant and two others with the crime of confederating together for the purpose of intimidating, alarming, disturbing, and injuring the said appellee. It is further alleged that the appellee did, by his false and malicious statements and acts, and without probable cause, procure the grand jury to return an indictment against appellant.

It is asserted on behalf of appellee that the allegation in regard to want of probable cause was a mere conclusion of the pleader, and, in the absence of facts alleged to show want of probable cause, the petition is insufficient. It is claimed that the mere allegation that a false affidavit was made for the purpose of obtaining a warrant, and that false testimony was given before the grand jury and a subsequent acquittal occurred, are not sufficient facts to support the conclusion of want of probable cause. It is argued that other facts alleged indicate that probable cause for the action taken existed. The facts relied on to indicate probable cause are (1) that ten officers were sent to execute the warrant; (2) that appellant was subjected to a grilling examination by approximately thirty detectives and policemen; (3) following such questioning, appellant was fingerprinted, photographed, and committed to jail; (4) that bond was fixed in the sum of $20,000; and (5) that a true bill was returned by the grand jury after considering the evidence produced.

There is authority to the effect that the facts showing want of probable cause must be set out, but the prevailing rule, and the more reasonable rule, it seems to us, is that ordinarily an averment of want of probable cause is sufficient. As said in Benson v. Bacon, 99 Ind. 156:

"The want of probable cause is a fact, and it is always sufficient to state the facts without pleading the evidence which proves the fact. Scotten v. Longfellow, 40 Ind. 23; 2 Works Pr. 646; 2 Chitty Pl. 616; Adams v. Lisher, 3 Blackf. 241 (25 Am. Dec. 102). It would be impracticable, and indeed almost impossible, for a plaintiff to specifically set forth the facts constituting a want of probable cause, for, owing to the negative form of the fact, it would be necessary for him to anticipate and answer every conceivable state of facts that might constitute probable cause."

A limitation on this rule has been recognized in cases where the petition alleges facts which are prima facie evidence of reasonable grounds for the prosecution. This is but a corollary of the rule that, where facts are alleged from which want of probable cause may be inferred, a petition will nevertheless be sufficient, though it fail to allege that the prosecution was instituted without probable cause. Thus, in Cox v. Taylor's Adm'r, 10 B. Mon. 17, the court said:

> "If there be probable cause, though the charge or claim be false, and therefore unjust or wrongful, the most express malice will not be sufficient. Therefore, the allegation that the party had maliciously, or falsely, or unjustly or wrongfully, instituted the former proceeding will not supply the want of the allegation that he did it without probable cause; which although it need not be stated in these express words, must be stated in some form of substantive averments, or must at least be shown clearly in the declaration."

Appellant specifically alleged the want of probable cause in the petition before us. The only question, therefore, is whether or not the collateral facts set out in the petition are of such a nature as to lead as a matter of law to the conclusion that reasonable grounds for prosecution existed. The facts relied on by appellee do not, it seems to us, demonstrate want of probable cause as a matter of law, even though they might furnish a basis for argument to a jury on this score. The facts that ten officers were sent to arrest appellant, that he was subjected to a grilling examination, that his bond was fixed at $20,000, and that the grand jury returned an indictment, are all consonant with the premise that these steps were taken on the basis of appellee's alleged false and malicious testimony. Even the fact that appellant was sent to jail after having been examined by the police does not indicate conclusively that he was probably guilty of the charge. It was the duty of the police to arrest appellant—not to try him. While their independent conclusion arrived at after an examination of appellant may be very pertinent evidence of the existence of probable cause for the action taken by appellee, certainly it is not so conclusive as to require us to say that the bare allegation contained in the petition establishes probable cause as a matter of law. Indeed, there is nothing in the allegation to show, except by in-

ference, whether the police examined appellant on the subject of the crime here involved or on some other question.

The petition follows closely a similar pleading sustained in Crutchfield v. Mansfield, 254 Ky. 499, 71 S. W. (2d) 953, and we are of the opinion that the demurrer should have been overruled.

Judgment reversed.