## Conder v. Morrison.

(Decided Nov. 15, 1938.)

ROBERT E. HOGAN and LUTHER M. ROBERTS for appellant.

L. R. CURTIS and CHARLES P. SUTT for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Lovell Conder, brought this action against appellee, Andrew Morrison, for alleged malicious prosecution. A general demurrer to the petition was sustained, and, the plaintiff having declined to plead further, a judgment was entered dismissing his petition. Plaintiff has appealed.

The petition alleged, in substance, that the appellee, Andrew Morrison, appeared before the grand jury of Jefferson county, and without probable cause, falsely and maliciously charged the appellant with the crime of unlawfully and feloniously burning the storehouse of appellee, and by his false statements and malicious acts procured the grand jury to return an indictment against the appellant; that he was arrested and incarcerated in the Jefferson county jail from March 5, 1936, until

March 7, 1936, when he executed bond for his appearance in the Jefferson circuit court; that he was tried on April 15, 1936, in the Jefferson circuit court by a jury duly and legally impaneled, which returned a verdict of "not guilty," and thereupon he was discharged from custody.

The petition is substantially the same as the petition in Bannon v. McDonald, 270 Ky. 364, 109 S. W. (2d) 798, which we held to be sufficient. The sole difference is that in the Bannon Case the trial judge in the criminal prosecution peremptorily instructed the jury to find for the defendant while in the present case the trial judge submitted the case to the jury after instructing them as to the law of the case, and the jury returned a verdict of "not guilty." Appellee insists that this distinguishes the present case from the case of Bannon v. McDonald, and the fact that in the opinion of the presiding judge the evidence was sufficient to take the case to the jury on the question as to whether or not the defendant was guilty as charged in the indictment negatives the idea that appellee acted without probable cause. The general rule is that an acquittal is not, in an action for malicious prosecution, evidence of want of probable cause for instituting the criminal prosecution. Sills v. Paducah Box & Basket Company, 251 Ky. 783, 66 S. W. (2d) 24; Schott v. Indiana National Life Insurance Company, 160 Ky. 533, 169 S. W. 1023, Ann. Cas. 1916A, 337; Stephens v. Gravit, 136 Ky. 479, 124 S. W. 414; Jones v. Louisville & Nashville Railroad Company, 96 S. W. 793, 29 Ky. Law Rep. 945; Garrard v. Willet, 4 J. J. Marsh. 628. However, in order to maintain an action for malicious prosecution the plaintiff must allege and prove that the criminal prosecution has terminated in his favor, either by his acquittal or in some other manner equivalent thereto. The termination of the criminal proceeding is a condition precedent to the maintenance of an action for malicious prosecution. Davis v. Brady, 218 Ky. 384, 291 S. W. 412; Graziani v. Ernst, 169 Ky. 751, 185 S. W. 99; Duerr v. Kentucky & Indiana Bridge & R. Company, 132 Ky. 228, 116 S. W. 325. In Garrard v. Willet, supra, it was recognized that submission of a criminal case to the jury was not evidence of probable cause, and would not defeat the accused's cause of action in a suit for malicious prosecution. In the course of the opinion it was said:

"His acquittal by the venire is evidence of his

innocence, but it does not prove the malice of the prosecutor. The defendant will not be required to prove anything, until the plaintiff shall have given some evidence of malice, independently of any inference from the verdict of acquittal. To presume that every person who has been acquitted by a verdict, was prosecuted maliciously, would be not only unreasonable and false, but subversive of justice. To establish such a presumption as a deduction of law would tend to deter the honest from prosecuting the guilty, and would indirectly stimulate malice to secure impunity by corrupt means. The allegation of malice, or want of probable cause, is indispensable in an action for malicious prosecution.

"Barely averring, that the plaintiff was prosecuted and acquitted on his final trial, would be insufficient, consequently, proving the same facts, and nothing more, would be equally unavailing. As it is necessary to aver malice, it is equally necessary to prove malice, and as malice will not necessarily result from the averment of acquittal by the venire, it cannot be inferred, on the trial, from the proof of such acquittal alone. If the verdict of not guilty, be evidence that the prosecution was malicious, merely because it is evidence of the plaintiff's innocence, then it would be conclusive evidence of malice, because it is conclusive evidence, that the plaintiff was not guilty.

"Such a consequence, could not be admitted as the law of the land; and hence, the verdict of acquittal is no evidence of malice; or of the want of probable cause for the prosecution. If a plaintiff should prove nothing more, than that he was acquitted by the verdict of a petty jury, surely he would not be entitled to a verdict. Before he can be entitled to damages, he must prove some other facts tending to evince a want of probable cause for the prosecution; see II, Starkie on Evidence, 912; Maddox v. Jackson, 4 Munf. [Va.] 462.

"When a grand jury, upon other testimony, than that of the prosecutor alone, find an indictment to be a true bill, the presumption is prima facie that, as they, on their oaths, have said that the person indicted is guilty, the prosecutor had reasonable grounds for the prosecution.

"Nevertheless, the law still presumes that the person indicted, is innocent. But this presumption will not repel the inference, that there was 'probable cause.' And consequently, the final acquittal of the accused will not, per se prove a want of 'probable cause.'"

An acquittal opens the question so as to give the party prosecuted an opportunity, in an action for malicious prosecution, to offer evidence to repel the presumption growing out of the action of the grand jury.

This case cannot be distinguished from Bannon v. McDonald, supra, and the judgment is therefore reversed, with directions to overrule the demurrer to plaintiff's petition.