318

Margaret JACK, Administratrix of the Estate of Robert Bell Jack, deceased, Plaintiff,

Lend Lease Transportation Company, a Minnesota corporation, and Marquette Manufacturing Company, a Minnesota corporation, Applicants for Intervention,

v.

TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Defendant.

Civ. A. No. 17511.

United States District Court
E. D. Michigan, S. D.

Oct. 20, 1958.

Howard L. Philippart, Jr., Detroit, Mich., for plaintiff.

Vandeveer, Haggerty, Garzia & Haggerty, Leroy G. Vandeveer, Detroit, Mich., for defendant.

THORNTON, District Judge.

The issue for determination here involves Rule 24(b), Fed.Rules Civ.Proc., 28 U.S.C.A. Applicants for intervention have complied with the provisions of said rule. Defendant concedes the applicability of the rule in this situation but for the bar of the statute of limitations which defendant contends prevents the applicants from taking advantage of the rule. Defendant does not claim that applicants have not made "timely application" within the meaning of the rule. As used in the rule, we understand it to be defendant's position that the timeliness of the application is a procedural question, but that the issue of the statute of limitations is one of substantive law. We are inclined to agree with the defendant as to such analysis. The cases dealing with the "timely application" mentioned in the rule consistently hold that the Court has discretion, wide discretion, in making such determination.

A brief review of the facts discloses that an automobile accident occurred on July 19, 1955; that plaintiff's decedent was killed in the accident. Suit was commenced on December 5, 1957, based on the Wrongful Death Act of the State of Michigan, Comp.Laws 1948, § 691.581 et seq. Applicants were the owners of certain personal property that was damaged or demolished in this same accident, allegedly through the fault of defendant. As such, they have filed a motion to intervene in accordance with Rule 24(b). The motion states that a copy of the proposed complaint is attached thereto, and it is so attached. The motion was filed with the court on July 18, 1958, and noticed for hearing on July 28, 1958. The hearing took place on August 25, 1958.

Defendant opposes the motion to intervene on the ground that the applicable statute of limitations bars applicants from bringing their action at any time after the statute has run. Michigan has a 3-year statute of limitations for tort actions—M.S.A. § 27.605, Comp.Laws

1948, § 609.13. We are then confronted with a situation where a prospective party is required, in order to file a complaint, to obtain leave of court before filing said complaint. The prospective party herein filed his *application,* for leave to file his complaint, prior to the running of the statute of limitations. However, the granting of said application will result in the filing of the complaint itself after the statute of limitations has run against the claim set forth in the complaint. The contention of defendant is that the statute of limitations is operative as a bar to applicants' cause of action.

Defendant's contention is not without some merit. The Michigan statute provides that actions shall be brought within three years from the time they accrue, and not afterwards. Federal Civil Court Rule 3 states that a civil action is commenced by the filing of a complaint with the court. By no form of rationale can we construe the rules as permitting us to hold that the complaint was here filed within the three years by virtue of the copy of the complaint that was attached to the motion. We find that the complaint was not filed within such period. However, we are of the opinion that the statute of limitations is not a bar to the granting of applicants' motion, the result of which will be that the actual filing of the complaint will take place subsequent to the 3-year period set forth in the statute.

Our reasoning in granting the motion is based simply on the plain logic of the situation before us, which is not in conflict with any of the cases cited by counsel or disclosed by our own research. Applicants were required under Rule 24 to seek leave before they might file their complaint in intervention. Rule 24 appears to be tailored for persons in applicants' situation—it is a "natural" for the device of intervention. Who can possibly predict what length of time might elapse between the filing of a motion to intervene and a final order granting it?

There are time factors to be taken into consideration—a hearing date in open court dependent upon the condition of the docket when the motion is filed, the possibility of counsel requesting time for the filing of briefs, the inability of the Court to study the briefs at the exact moment of their delivery, and a number of other factors which are obvious to those accustomed to processing motions. No matter how diligent counsel for an applicant intervenor may be, we do not perceive what guarantee can be available that there will be an opportunity to file the complaint prior to the running of the statute.

In relation to Rule 24(b) the Court decides that a motion to intervene which sets forth the cause of action sought to be asserted, or which has attached thereto a copy of the proposed complaint, is sufficient compliance with the statute of limitations, if such motion is properly filed prior to the running of the statute, and properly served on defendant(s) without delay.

An order granting said motion may be presented and the complaint in intervention shall be filed forthwith.