## SECURITIES AND EXCHANGE COMMISSION
### v.
## KELLER BROTHERS SECURITIES CO., Inc.
### Civ. A. No. 61–367–F.

United States District Court
D. Massachusetts.
June 12, 1962.

James E. Dowd, Edward P. Delaney, Arthur F. Carr, Securities & Exchange Com., Boston, Mass., for plaintiff.

George H. Foley, Samuel Bergson, Allan R. Curhan, Brown, Rudnick, Freed & Gesmer, Sidney J. Dockser, Joseph S. Mitchell, Jr., Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

In this action motions have been filed by several applicants seeking to intervene on the ground that their claims have questions of law and fact in common with the original action, together with petitions to intervene setting forth the claims they wish to assert. It appears that in at least two of these petitions the claims are based on allegations of false or misleading representations made by defendants in connection with sales of securities to applicants and are brought under § 12(a) (2) of the Securities Act of 1933, 15 U.S.C.A. § 77l(a) (2).

The receivers oppose allowance of these motions to intervene on the ground that they were not brought within the applicable statute of limitations, § 13 of the Act, 15 U.S.C.A. § 77m, which provides, so far as here relevant: "No action shall be maintained to enforce any liability created under * * * section 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."

The present action, based on allegations of violations of § 77l(a) (2) by defendants in sales of the same stock which is involved in petitioners' claims, was filed on May 16, 1961, and the receivers appointed on that date. Of the three motions now before the court, two were filed in the clerk's office on April 24, 1962, and the third on May 2, 1962, and copies of the motions and petitions were mailed to the receivers on or before the date of filing.

The contention of the receivers is that on May 16, 1961, the applicants knew or should have known by reason of the original action here of the misrepresentation on which their claims are based and that since the motions to intervene were not allowed within one year thereafter, the claims of petitioners are barred by § 77m. The applicants' motions and petitions were, of course, filed well before the expiration of the period of limitations which receivers contend is applicable. The position of the receivers, however, seems to be that in determining whether applicants' intervention was timely, the significant date is that on which intervention is allowed by the court and not that on which the motion to intervene is filed. This contention must be rejected. It is true that intervention here is not a matter of right and that the applicants do not formally become parties to the action until intervention is allowed by the court. However, when applicants here filed their motions and petitions and served them upon the receiver, they had done all that was required of them under the intervention procedure prescribed by Rule 24(c), Federal Rules of Civil Procedure, 28 U.S.C.A., and all that was then in their power to do and must be held to have brought their actions at that time within the meaning of § 77m. The timeliness of applicants' action should be determined by what they themselves did

and not by the factor beyond their control of whether the court's calendar makes it possible to have their motion heard and allowed within the period of limitations. Jack v. Travelers Insurance Company, D.C., 22 F.R.D. 318, 319.

The motions for orders permitting petitioners to intervene are allowed.