Ara **DERDIARIAN** et al., Plaintiffs,
v.
The **FUTTERMAN CORPORATION**
et al., Defendants.

United States District Court
S. D. New York.
Sept. 25, 1964.

———◆———

Herman Odell, New York City, for plaintiffs.

Royal, Koegel & Rogers, New York City, for defendant Van Alstyne, Noel & Co.; William F. Koegel, New York City, of counsel.

FEINBERG, District Judge.

A motion to dismiss this action, which alleges violations of the Securities Acts, has been made by defendant Van Alstyne, Noel & Co. ("Van Alstyne"). The motion is addressed to the third amended complaint, which contains two counts. Plaintiff Derdiarian sues in his individual capacity as a purchaser of The Futterman Corporation stock and as a representative of other purchasers. The background of this action and the theory of the first count are both discussed in Derdiarian v. Futterman Corp., 223 F. Supp. 265 (S.D.N.Y.1963), which denied a motion to dismiss by the Futterman estate. After that decision, Derdiarian sought and obtained leave to file his third amended complaint which, for the first time, added a second count based upon Section 11 of the Securities Act of 1933, 48 Stat. 82 (1933), 15 U.S.C. § 77k (1958). This count deals with allegedly false and misleading statements in the June 8, 1961 prospectus of The Futterman Corporation in a public offering of its Class A stock. The second count also added a new plaintiff, John S. Whaley, and five new defendants. One of the new defendants is Van Alstyne. The motion to dismiss now before the court is addressed only to the second count of the complaint.

The motion by Van Alstyne is two-fold: to dismiss as to Van Alstyne all claims of plaintiff Derdiarian and all claims against it by any persons other than plaintiff Whaley. Van Alstyne's alleged liability in count two is predicated upon the fact that it was the underwriter for the June 8, 1961 offering. In moving to dismiss, Van Alstyne relies upon Section 13 of the Securities Act of 1933, 48 Stat. 84 (1933), as amended, 15 U.S.C. § 77m (1958), which sets forth the following limitation period applicable to an action under Section 11:

No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 11 or section 12(1) more than three years after the security was bona fide offered to the

public, or under section 12(2) more than three years after the sale.

■■ With regard to plaintiff Derdiarian, Van Alstyne points out that the third amended complaint admits that plaintiff Derdiarian knew of the alleged false and misleading statements on May 1, 1963.[1] Van Alstyne argues that since the third amended complaint was not filed until May 13, 1964, and was not served on it until May 18, 1964, Derdiarian is barred by the one year limitation period set forth above. However, plaintiff Derdiarian sought leave to file the amended complaint against Van Alstyne by notice of motion dated April 8, 1964, returnable April 21, 1964. This motion was referred to me as a Rule 2 judge by order of Chief Judge Ryan dated April 21, 1964, and was heard on April 27, 1964. On that day, the motion for leave to file the third amended complaint was granted. The order incorporating the rulings of the Court at argument was thereafter submitted on notice and actually signed on May 8, 1964. Under these circumstances, plaintiff Derdiarian's claim in the second count against Van Alstyne is not barred by the one year statute of limitations contained in Section 13. His filing of the motion with the proposed amended complaint with this court, well before May 1, 1964, was commencement of the action against Van Alstyne under Rule 3, Fed.R.Civ.P., so long as there was service without undue delay on Van Alstyne after the order allowing the amended complaint to be filed was signed. Gloster v. Pennsylvania R. Co., 214 F.Supp. 207 (W.D.Pa. 1963); Robinson v. Waterman S.S. Co., 7 F.R.D. 51 (D.N.J.1947); cf. SEC v. Keller Bros. Sec. Co., 30 F.R.D. 532 (D. Mass.1962); Jack v. Travelers Ins. Co., 22 F.R.D. 318 (E.D.Mich.1958). Van Alstyne does not claim lack of diligent service. Accordingly, this portion of Van Alstyne's motion is denied.

Van Alstyne's motion also seeks to bar all other claims against it in the second count by any persons other than plaintiff Whaley. Van Alstyne argues that (1) insofar as plaintiffs Derdiarian and Whaley claim their action to be a class action, it is a "spurious" class action under Rule 23(a) (3), Fed.R.Civ.P., and, therefore, merely a permissive joinder device; (2) other plaintiffs should be allowed to intervene only to raise claims that they could have raised on their own at the time of intervention; (3) there is at most a three year statute of limitations contained in the last sentence of Section 13 of the Securities Act of 1933 quoted above; and (4) since more than three years have elapsed since the June 8, 1961 prospectus, an action by any other plaintiff is now barred. Van Alstyne relies on such cases as P. W. Husserl, Inc. v. Newman, 25 F.R.D. 264 (S. D.N.Y.1960) and Athas v. Day, 161 F. Supp. 916 (D.Colo.1958). Plaintiffs Derdiarian and Whaley argue that (1) no interveners are now before the court asserting a claim of any kind against defendant Van Alstyne and, therefore, the court is not called upon to decide the rights of such would be interveners; and (2), in any event, the courts of this and other circuits have held that a commencement of an action based upon Section 11 of the Securities Act of 1933 tolls the limitations prescribed by Section 13, relying upon such authorities as York v. Guaranty Trust Co., 143 F.2d 503, 529 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., 23 F.R.D. 155, 162 (S.D.N.Y.1959) and 3 Loss, Securities Regulation (2d ed. 1961, Supp. 1962, at 33, n. 462) and cases cited therein.

■ While the question raised is an interesting one and contains possible further ramifications,[2] I do not think it

---

1. Third Amended Complaint, para. 41.

2. E. g., is there a distinction for statute of limitation purposes between intervening as an additional party plaintiff in an independent action and appearing to prove a claim? See 3 Loss, Securities Regulation 1822–1823 n. 462 (2d ed. 1961).

should be decided at this time in the absence of any claim for intervention. Accordingly, that portion of Van Alstyne's motion which, in effect, seeks a declaratory judgment on this point will also be denied.

Settle order on notice.