Damon FARRIS, Plaintiff,

Ralph L. Barnes and Sebert Barnes, Intervening-Plaintiffs,

v.

SEARS, ROEBUCK & COMPANY and Globe Union, Inc., Defendants.

No. C 75–0404–L(B).

United States District Court, W. D. Kentucky, Louisville Division.

May 20, 1976.

Thomas M. Crawford and Daniel T. Albers, Louisville, Ky., for Farris.

Daniel B. Boone, Louisville, Ky., for Barnes.

Robert C. Hobson, Louisville, Ky., for Sears.

O. Grant Bruton and Matthew R. Westfall, Louisville, Ky., for Globe Union, Inc.

## MEMORANDUM AND ORDER

BRATCHER, Chief Judge.

This matter comes on before the Court on motion by defendants, Sears, Roebuck & Company and Globe Union, Inc., to dismiss this action as to intervening plaintiffs, Ralph L. Barnes and Sebert Barnes, on the grounds that their causes are barred by the one-year Statute of Limitations, KRS 413.-140(1)(c).

■ In order to comply with the terms of the Statute, an action for malicious prosecution must be "commenced" within one year. The underlying action, which allegedly constituted the malicious prosecution complained of, was dismissed by the U. S. District Court for the Middle District of Florida on November 27, 1974, so the period of limitations began to run on that date. See *Conder v. Morrison,* 275 Ky. 360, 121 S.W.2d 930 (1938); also see 87 A.L.R.2d 1047.

■ Under Kentucky law an action shall be deemed to commence on the date of the filing of the complaint and the issuance of a summons or process in good faith. Rule 3, Kentucky Rules of Civil Procedure. KRS 413.250. Intervening plaintiffs did not follow this procedure but rather furnished notice to defendants on November 26, 1975, of their intention to move the Jefferson Circuit Court on December 8, 1975, to allow plaintiffs-intervenors joinder with the then pending action, *Damon Farris v. Sears, Roebuck, et al.,* No. C208655. They did, in fact, appear before the Court and by Order dated December 9, 1975 were allowed to intervene. Subsequently, defendants filed a petition for removal to this Court where the present motions seeking dismissal were filed in early January.

■ We must agree with defendants that intervening plaintiffs failed to commence their action within the prescribed statutory period. Whatever the effect of the "notice" of November 26, 1975, it clearly did not suffice as a commencement of action as defined by Kentucky law.

However, plaintiffs-intervenors sought to become parties to this lawsuit by way of intervention under Rule 24, Kentucky Rules of Civil Procedure, rather than by commencing an independent action. Rule 24 of the Kentucky Rules is basically similar to Rule 24 of the Federal rules. Plaintiffs-intervenors set out no case for intervention of right under Rule 24.01, but under 24.02(2) which states, "when an applicant's claim or defense and the main action have a question of law or fact in common," permissive intervention could be allowed. Realizing that permissive intervention requires approval of the Court, on November 26, 1975, plaintiffs-intervenors, through counsel, filed a copy of the motion and complaint with the Court and furnished notice of same to defendants. Later, as we have noted heretofore, the motion was heard and granted.

The basic question concerning us then becomes not whether an action was "commenced" in timely manner but, rather, did counsel's notice-motion-order of November 26, 1975 toll the Statute of Limitations. We are cited no authority which precisely addresses this question. In our own research we have been unable to locate any Kentucky case decisions which speak either affirmatively or negatively on whether the

Statute would be tolled in such a situation. However, in *Jack v. Travelers Insurance Co.,* 22 F.R.D. 318 (E.D.Mich.S.D., 1958), when confronted with a factual situation remarkably similar to the present one, the Court concluded:

"In relation to Rule 24(b), the Court decides that a motion to intervene which sets forth the cause of action sought to be asserted, or which has attached thereto a copy of the proposed complaint, is sufficient compliance with the statute of limitations, if such motion is properly filed prior to the running of the statute and properly served on defendant(s) without delay."

■ This Court finds that plaintiffs-intervenors' notice-motion-order complies with the prerequisites of this rule, and being unaware of any conflicting controlling Kentucky authority, it is adopted here. To hold otherwise would in many instances require prospective intervenors to gauge the time of filing upon mere speculation or hope that the Court would rule upon the motion before the time limit expired. We think the better rule is to hold that a timely and sufficient motion to intervene tolls the Statute of Limitations. *Jack,* supra; *Securities and Exchange Commission v. Keller Brothers,* 30 F.R.D. 532 (D.C.Mass., 1962).

It is therefore ORDERED AND ADJUDGED that defendants' joint motions to dismiss intervening plaintiffs' complaints are hereby overruled.