762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine Lynn Zikeli, plaintiff-appellant,
v.
Shatterproof Glass Corporation; and Shatterproof Glass
Corporation d/b/a Total Glass Service; and Edward
E. DeFobio, Defendants-Appellees.
 NO. 84-5655
 United States Court of Appeals, Sixth Circuit.
 4/18/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: KEITH and MARTIN, Circuit Judges; and DIGGS TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Katherine Zikeli appeals from the summary judgment for defendants in this diversity action for malicious prosecution. We reverse and remand.
 
 
 2
 Zikeli was secretary-receptionist for Total Glass Service, Inc., a wholly owned subsidiary of Shatterproof Glass Corporation, from October 1981 until May 1982. On March 23 or 24, 1982, Thomas Marriott, the manager of Total Glass, told Zikeli to make the daily bank deposit and to obtain cash for one of the checks. This was check number 2896, dated March 23, 1982, drawn on the account of Specialty Concrete Co. at Bowling Green Bank & Trust Co., payable to the order of Total Glass Co. of the sum of $450.00.
 
 
 3
 Zikeli took the check to the bank and asked for cash for the Specialty Concrete check. The teller required that she endorse the check, and Zikeli signed her name, 'Katherine Zikeli,' on the back. She then took the money in a sealed envelope and gave it to Marriott.
 
 
 4
 Shatterproof Glass auditors subsequently discovered that the check was cashed rather than deposited and that it bore Zikeli's endorsement. John Gassman and another auditor came to the Total Glass office in April 1982 to investigate this. Zikeli testified at deposition that Marriott told the auditors in front of her 'that he had one the job on a Saturday and that he had taken the money.' Deposition of Katherine Lynn Zikeli at 42. Marriott apparently meant that the money was his by right rather than that he had embezzled the money. See id. at 44.
 
 
 5
 Defendant Edward DeFobio, vice chairman of Shatterproof Glass, subsequently came to Bowling Green, Kentucky, the location of Total Glass, and consulted Morris Lowe, Commonwealth Attorney for Warren County, Kentucky. He told Lower that Zikeli had endorsed and cashed the Specialty Concrete check instead of depositing it and that she was about to leave or had just left the employ of Total Glass. Lowe decided to seek an indictment, and DeFobio testified before the grand jury on August 11, 1982. DeFobio did not tell either Lowe or the grand jury that Marriott had taken the money; whether he knew this is uncertain.
 
 
 6
 The grand jury that same day indicated Zikeli for a violation of Ky. Rev. Stat. Sec. 514.070, theft by failure to make required disposition of property. The grand jury did not hear Zikeli's side of the story before returning the indictment. A warrant of arrest was issued on August 12, 1982, and it was executed that same day.
 
 
 7
 Zikeli told her story to a grand jury on August 18, 1982, and the grand jury indicted Marriott for a violation of the same crime, with Zikeli as the complaining witness. Zikeli's indictment was dismissed with prejudice on September 3, 1982, 'for a lack of probable cause being able to be established that this defendant committed a crime.' Lowe signed his agreement to the order.
 
 
 8
 Zikeli then commenced this diversity action for malicious prosecution against the defendants, also alleging claims under 42 U.S.C. Secs. 1983, 1985. The court granted summary judgment to defendants on all claims on May 7, 1984, saying Zikeli had not overcome the presumption of probable cause that attaches to a grand jury indictment. The plaintiff moved the court to vacate, alter, amend, or set aside the summary judgment, and the court on June 28, 1984, ruled that the presumption of probable cause could not be overcome when the grand jury had heard Zikeli's story and obviously did not believe her.
 
 
 9
 Zikeli appeals the summary judgment on the malicious prosecution and section 1985 claims. Dismissal of the section 1985 claim was clearly correct, as she has alleged no 'class-based discriminatory animus behind the conspirators' action.' Dunn v. Tennessee, 967 F.2d 121, 124 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 10
 A lack of probable cause for the initial action is an essential element of any claim of malicious prosecution in Kentucky. Raine v. Drasin, 621 S.W.2d 895, 899 (Ky. 1981). Kentucky courts have expressed the role of a grand jury indictment in the same way many times: 'When a grand jury, upon other testimony than that of the prosecutor alone, find an indictment to be a true bill, the presumption is prima facie, that, as they, on their oaths, have said that the person indicted is guilty, the prosecutor had reasonable grounds for the prosecution.' Conder v. Morrison, 275 Ky. 360, 363, 121 S.W.2d 930, 931 (1938); Schott v. Indiana Life Insurance Co., 160 Ky. 533, 535, 169 S.W. 1023 (1914); Garrard v. Willet, 27 Ky. (4 J.J. Marsh.) 628, 630 (1830).
 
 
 11
 Here the presumption of probable cause cannot arise, for the only testimony was that of the 'prosecutor,' or complaining witness, DeFobio. Zikeli's subsequent testimony was in the same transcript as DeFobio's, and the district court mistakenly supposed both to have testified concerning Zikeli's indictment. In fact, Zikeli testified only after the indictment and arrest, and only concerning Marriott's indictment. The district court's mistake was understandable, but it was nonetheless plain error. Indeed, Lowe testified on deposition that he would not have recommended prosecution of the case if he had heard Zikeli's side of the story first. Deposition of Morris Lowe at 35, 39.
 
 
 12
 The case is reversed and remanded for further proceedings not inconsistent with this opinion.
 
 
 
 *
 Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation