**Philip KORWEK, et al., Plaintiffs,**

v.

**Nelson Bunker HUNT, et al.,
Defendants.**

**No. 84 Civ. 7934 (MEL).**

United States District Court,
S.D. New York.

Dec. 30, 1986.

Deutsch & Frey, New York City, for plaintiffs; Herbert I. Deutsch, Robert E. Frey, Richard L. Weingarten, Neil Sussman (Law Clerk), of counsel.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Washington, D.C. and New York City for Intern. Metals Inv. Co. Ltd.; Paul L. Perito, John P. Wintrol, Robert E. Pokusa, Washington, D.C., and Jerome Kowalski, New York City, of counsel.

Sidley & Austin, New York City, for Continental Grain Co.; Marc J. Gottridge, of counsel.

Parker, Auspitz, Neeseman & Delehanty, P.C., New York City, for Walter Goldschmidt; Jack C. Auspitz, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for ContiCommodity Services Inc. and Conti-Capital, Ltd.; Mark A. Alcott, Richard A. Rosen, of counsel.

John R. Bartels, Jr., New York City and Shank, Irwin & Conant, Dallas, Tex., for Nelson Bunker Hunt, William Herbert Hunt and Lamar Hunt; Roger Goldburg, Roderic G. Steakley, Robert E. Wolin, of counsel.

Sullivan & Cromwell, New York City, for Bache Group Inc. and Prudential-Bache Securities, Inc.; Marvin Schwartz, Richard H. Klapper, Marcy Engel, of counsel.

Rogers & Wells, New York City for Merrill Lynch, Pierce, Fenner & Smith Inc. and Donaldson Lufkin and Jenrette Commodity Futures, Inc.; William R. Glendon, Guy C. Quinlan, Susan A. Garcia, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Norton Waltuch; Steven J. Glassman, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for Mel Schnell; Erskine Henderson, of counsel.

LASKER, District Judge.

Plaintiffs move pursuant to Civil Rule 3(j) of the United States District Courts for the Southern and Eastern Districts of New York to reargue the recent decision in this case, *see Korwek v. Hunt*, 646 F.Supp. 953 (S.D.N.Y.1986), dismissing many of the individual and class claims asserted in the

amended complaint as time-barred. The motion is denied.

Plaintiffs direct their motion to two aspects of the recent opinion. First, they contend that the federal and state antitrust claims asserted in the complaint, all of which are governed by a four-year statute of limitations, were timely filed and thus should not have been dismissed. They argue that the motion to intervene and expand the class in *Gordon v. Hunt*, No. 82–1318 (MEL) (S.D.N.Y.), which was filed by four of the five named plaintiffs on October 19, 1983—well within the four-year limitations period—should be regarded as the commencement of the *Korwek* action for purposes of determining whether this action is barred by the statute of limitations. Second, plaintiffs contend that the conclusion that the doctrine of equitable tolling (based on the alleged fraudulent concealment by defendants Continental Grain Co. and Walter M. Goldschmidt of their wrongful actions) is not applicable in this case is unsupported by the record.

Defendants respond that plaintiffs have failed to point out factual matters or controlling decisions which the court has overlooked—a prerequisite for granting a Rule 3(j) motion. Defendants also contend that the legal authority cited by plaintiffs in support of their renewed class action tolling argument is not applicable to the case at hand, since the decisions upon which plaintiffs rely all involved motions to intervene which were granted, not denied as in this case. *See, e.g., Braxton v. Virginia Folding Box Co.*, 72 F.R.D. 124, 126 (E.D. Va.1976); *Farris v. Sears, Roebuck & Co.*, 415 F.Supp. 594 (W.D.Ky.1976); *DiCostanzo v. Chrysler Corp.*, 71 F.R.D. 223 (D.Mass.1976); *Jack v. Travelers Insurance Co.*, 22 F.R.D. 318 (E.D.Mich.1958). The question in these cases, defendants argue, was whether to deem the filing of a successful motion to intervene to be the initiation of the action for limitations purposes in situations in which the applicable limitations period expired between the filing of the intervention motion and the filing of the complaint.

■ We find defendants' arguments sound. The issues of equitable tolling premised on fraudulent concealment and class action tolling were both carefully considered in the last opinion, and plaintiffs present no new facts or controlling authority that has been overlooked. Plaintiffs' disagreement with the earlier holding on equitable tolling may be a ground for appeal, but it does not warrant reconsideration by this court at this time. Moreover, the cases plaintiffs cite in connection with the class action tolling issue are not determinative of the tolling question presented by this lawsuit. Although some of the cited cases speak in terms of the filing of the motion to intervene "tolling" the statute of limitations, a more accurate description is that the date of filing of a successful intervention motion is taken to be the date the action is brought, for limitations purposes, in situations in which the formal complaint is not filed until after intervention is granted. The rule would not seem to be applicable to a case, such as that presented here, in which intervention was denied and thus did not initiate the bringing of an action, and what is actually sought is the tolling of the statute of limitations for a new, different action brought subsequent to the denial of the motion to intervene.

Plaintiffs' motion for reargument is therefore denied.

It is so ordered.