NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0299n.06

No. 10-5541

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 05, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JAMES C. DAVIS, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| BRIAN McKINNEY; CITY OF MADISONVILLE, | ) | |
| KENTUCKY | ) | |
| | ) | O P I N I O N |
| Defendants-Appellees. | ) | |

BEFORE:    McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**PER CURIAM.**   Plaintiff James C. Davis appeals the district court's award of summary judgment in favor of the Defendants on his federal and state-law claims for malicious prosecution. This action arises out of an investigation of a rental property that was in a dangerous and unsanitary condition. Following the investigation, a Kentucky grand jury indicted Davis for the felony of wanton endangerment. It appears that Davis's son actually owns the property, and Davis maintains that he had no role in the ownership or management of the property. Eventually, the prosecution dismissed the charges without prejudice, and Davis brought these claims in federal court.

To prevail on a claim of malicious prosecution, under both federal and state law, a plaintiff must establish the lack of probable cause. Under federal law, the issuance of an indictment by a

_____

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

grand jury conclusively determines the existence of probable cause. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006); *cf. Cook v. McPherson*, 273 F. App'x 421, 424 (6th Cir. 2008) (noting that an exception to this rule exists where a plaintiff is able to show that defendant police officers knowingly presented false testimony to the grand jury). Similarly, under Kentucky law, a grand-jury indictment creates a rebuttable presumption that probable cause existed. *See Davidson v. Castner-Knott Dry Goods Co. Inc.*, 202 S.W.3d 597, 607 (Ky. Ct. App. 2006) (citing *Conder v. Morrison*, 121 S.W.2d 930, 931 (Ky. 1938)).

In this case, the district court found that Davis had not proffered any evidence—such as evidence that false testimony was presented to the grand jury—that would tend to overcome the presumption created by the indictment. We have conducted *de novo* review of the record and we agree with the district court's conclusion. This conclusion should come as little surprise because Davis's counsel at the district court conducted little to no discovery. Indeed, Davis has not obtained the grand-jury transcript, and we have no way of knowing the reasons the grand jury indicted Davis. Further, it is undisputed that Davis responded to a call that police officers were at the property, and that Davis accompanied the officers as they investigated the condition of the property. Having considered all of the arguments proffered by Davis in his brief, and at oral argument, we find that any further analysis would be unnecessarily duplicative of the analysis found in the district court's opinion. Accordingly, we **AFFIRM** the district court's determination that Davis failed to establish a lack of probable cause.