Huberta **SCHROEDEL,** Danny **Goldschmidt, Madelyn Santiago, Dawn Rose and all Others Similarly Situated in that the Plaintiffs Herein are Hearing Impaired New York City Residents Seeking Medical Care at Various Hospitals, Plaintiffs,**

v.

NEW YORK UNIVERSITY MEDICAL **CENTER, New York University Medical School, and New York City Health and Hospitals Corporation, Defendants.**

No. 92 Civ. 9060 (SWK).

United States District Court, S.D. New York.

May 8, 1995.

---

Rich & Simmons by Alan J. Rich and Levisohn, Lerner & Berger by Peter L. Berger, New York City, for plaintiffs.

S. Andrew Schaffer and Ada Meloy, New York City, for defendants New York University Medical Center and New York University Medical School.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action seeks to require defendants to provide hearing-impaired patients with qualified sign language interpreters to assist them in communicating with hospital staff in the emergency room. Presently before the Court is (1) plaintiff Huberta Schroedel's ("Schroedel") motion,[1] pursuant to Federal Rules of Civil Procedure 15(a) and 23, to amend the complaint and for an order certifying this case as a class action; and (2) non-party Alec Naiman's ("Naiman") motion, pursuant to Federal Rules of Civil Procedure 15(a) and 24(b)(2), to intervene as a plaintiff and to amend the complaint to assert causes of action for intentional and negligent infliction of emotional distress. For the reasons set forth below, Schroedel's motion for class certification and to amend the complaint is denied and her claims for injunctive relief are dismissed for lack of jurisdiction. Naiman's motion to intervene and amend the complaint also is denied.

### BACKGROUND [2]

In 1976, Schroedel, a deaf woman who resides at 309 West 57th Street in Manhattan and works in Long Island City, Queens, was admitted as a patient at defendant New York University Medical Center ("NYU") for a urinary tract infection. Subsequently, in 1983, Schroedel again sought treatment for a urinary tract infection at NYU's emergency room at Tisch Hospital (the "Hospital"). Nine years later, on December 3, 1992,

Schroedel was dining at a restaurant located at First Avenue and 20th Street in Manhattan when she began to suffer the effects of a urinary tract infection. As her regular gynecologist practices at the Hospital, she sought medical assistance for her condition at the Hospital's emergency room.[3]

After informing a Hospital employee that she was deaf, Schroedel was provided with a sheet of notepaper and a writing instrument for purposes of communication. The notepaper reflects the following exchange:

Schroedel: I am deaf, I'm looking for help with my problem. I need sign language interpreter.

Nurse: You need to see a doctor.

Schroedel: Yes, I need sign language interpreter.

Nurse: What's the problem.

Schroedel: I have urinary problem, maybe infection. Best for me to explain. Sign lang. interpreter. Must! I need to know first of all if you have an interpreter—I do not want to waste time—

Nurse: No, but we can still help if it's an emergency.

See Notepaper, annexed to the Affidavit of Ada Meloy, sworn to on Nov. 14, 1994 ("Meloy Aff."), as Exh. "26." Schroedel remained in the emergency room from 5:29 p.m. until 6:30 p.m., at which time she left without having asked for or received any medical attention.

As a result of the Hospital's failure to provide her with a qualified sign language interpreter,[4] on December 24, 1992, Schroedel commenced the present action against defendants NYU and New York University Medical School, seeking damages, injunctive relief, attorney's fees and costs. Count One

---

1. Plaintiffs Danny Goldschmidt, Madelyn Santiago and Dawn Rose allege claims against defendant New York City Health and Hospitals Corporation ("HHC"). These parties have indicated that they have settled and have forwarded a Stipulation of Settlement and Order of Discontinuance, dated April 21, 1995, for the Court's approval. Accordingly, the Court shall not consider these claims in deciding the motion before it.

2. Unless otherwise indicated, the following statement of facts is taken from the Complaint and the Second Proposed Amended Complaint.

3. Between 1983 and 1992, Schroedel was twice hospitalized at Lenox Hill Hospital, located at Lexington Avenue and 77th Street.

4. A qualified sign language interpreter is defined as "an interpreter who is able to interpret effectively, accurately and impartially both receptively and expressively, using any necessary specialized vocabulary." 28 C.F.R. § 36.104 (1992).

of the Complaint alleges that defendants violated the American With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"), in that Schroedel was "excluded from participating in, denied the benefits of and ... discriminated against with regard to appropriate and fair access to services." *See* Complaint at ¶ 29. Count Two alleges that defendants violated §§ 504 and 505 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 795 (the "Rehabilitation Act"), in that they "have excluded [Schroedel] from participation in, have denied [her] the benefit [of and failed] to provide fair and equal access to ... medical services available by reason of [her] handicap[ ]." *Id.* at ¶ 37.

Subsequently, on February 9, 1993, Naiman,[5] whose hearing impairment is considered "profound," [6] presented himself at the Hospital's emergency room with severe abdominal pain due to the presence of kidney stones. Naiman requested the services of a sign language interpreter but the Hospital did not provide him with one. As a result, Naiman had difficulty communicating with the medical staff.

Thereafter, on November 16, 1993, Naiman again sought the services of the Hospital emergency room, complaining of abdominal pain due to the presence of kidney stones. After spending several hours in the emergency room without the aid of a qualified sign language interpreter, a Hospital employee with "some minimal ability to communicate in basic sign [language]" attempted to assist Naiman in his efforts to communicate. *See* Second Proposed Amended Complaint at ¶ 27. Naiman contends that his civil rights were violated, however, by the Hospital's failure to provide him with a "qualified interpreter" as defined in the ADA. *See* 28 C.F.R. § 36.104 (1992).

Schroedel now moves, pursuant to Federal Rule of Civil Procedure 23, to certify a plaintiff class consisting of all "others [sic] similarly situated persons with impaired hearing, including deaf and hard of hearing persons who seek or may require available services in the future at" the Hospital. *Id.* at 1. She also moves, pursuant to Rule 15(a), to amend the complaint to add a claim for injunctive relief on behalf of the plaintiff class based on defendants' alleged violation of N.Y. Comp. Codes R. & Regs. tit. 10, § 405.7 (1988).[7] In addition, Naiman seeks to intervene in the present action, pursuant to Federal Rule of Civil Procedure 23(b), and to amend the complaint, pursuant to Rule 15(a), to add causes of action for negligent and intentional infliction of emotional distress. The Court shall address each issue below.

## DISCUSSION

### I. Standing

■ Article III of the United States Constitution requires that those who seek to invoke the power of the federal courts must allege an actual case or controversy. *See* U.S. Const. art. III; *see also Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1664, 75 L.Ed.2d 675 (1983) (citing *Flast v. Cohen,* 392 U.S. 83, 94–101, 88 S.Ct. 1942, 1949–53, 20 L.Ed.2d 947 (1968); *Jenkins v. McKeithen,* 395 U.S. 411, 421–25, 89 S.Ct. 1843, 1848–50, 23 L.Ed.2d 404 (1969)); *O'Shea v. Littleton,* 414 U.S. 488, 493, 94 S.Ct. 669, 674, 38 L.Ed.2d 674 (1974). Accordingly, the Court must determine whether Schroedel has standing to seek injunctive relief under the ADA before it can consider whether class certification is warranted. *See Nelsen v. King County,* 895 F.2d 1248, 1249–50 (9th Cir.1990) (stating that standing " 'is a jurisdictional element that must be satisfied prior to class certification' ") (quoting *LaDuke v. Nelson,* 762 F.2d 1318, 1322 (9th Cir.1985));

---

5. Naiman resides at 330 West 30th Street in Manhattan and works in Nassau County, Long Island.

6. A person with a "profound" hearing impairment has a loss in the range of 91 decibels or greater. *See* Affidavit of Jacqueline Roth, sworn to on Jan. 3, 1995 (the "Roth Aff."), at 4. In plaintiffs' reply brief, they describe Naiman as a "deaf man." *See* Pls.' Reply Mem. of Law in Supp. of Mot. for Class Certification, for Leave for Alec Naiman to Intervene and for Leave to Amend the Complaint ("Pls.' Reply"), at 7.

7. Significantly, in the Second Proposed Amended Complaint, Schroedel seeks injunctive relief, attorney's fees and costs, but does not seek damages. *See* Second Proposed Amended Complaint at ¶ 51.

see also *O'Shea v. Littleton,* 414 U.S. at 494, 94 S.Ct. at 675 (same); *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir.1987) ("[A]ny analysis of class certification must begin with the issue of standing."), *cert. denied,* 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988).

■ The Supreme Court has developed a three-part test to determine whether a plaintiff has standing to bring a claim. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). First, the plaintiff must establish that he suffered an "injury in fact," which is defined as "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations omitted). Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Finally, a plaintiff must show that it is likely that the injury will be redressed by a favorable decision. *Id.* "These elements are the 'irreducible minimum' required by the Constitution." *Northeastern Fla. Chapter of the Associated Gen. Contractors v. Jacksonville,* —— U.S. ——, ——, 113 S.Ct. 2297, 2302, 124 L.Ed.2d 586 (1993) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)). The Court finds that the Second Proposed Amended Complaint adequately pleads the requirements of causation and redressability. Accordingly, only the first prong of the test is at issue here.

■ In order to establish an injury in fact necessary to a claim for injunctive relief, the moving party must demonstrate that a defendant's conduct is causing irreparable harm. *Levin v. Harleston,* 966 F.2d 85, 90 (2d Cir.1992). This requirement cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again. *Id.* (quoting *Los Angeles v. Lyons,* 461 U.S. at 111, 103 S.Ct. at 1670); *see also Farmland Dairies v. McGuire,* 789 F.Supp. 1243, 1250 (S.D.N.Y.1992) (stating that, to obtain injunctive relief based on past injury, the plaintiff must show a real and immediate threat that the injury will be continued or repeated). While past wrongs consist of evidence bearing on whether there is a real and immediate threat of repeated injury, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. at 495–96, 94 S.Ct. at 676. Thus, "there must be sufficient immediacy, reality and causality between defendants' conduct and plaintiffs' allegations of future injury" to warrant injunctive relief. *Weiser v. Koch,* 632 F.Supp. 1369, 1373 (S.D.N.Y.1986).

In a case directly related to the case at hand, the Northern District of California held that a deaf woman did not have standing to seek injunctive relief against a hospital for failure to provide the services of a qualified sign language interpreter. *See Aikins v. St. Helena Hosp.,* 843 F.Supp. 1329, 1333–34 (N.D.Cal.1994). In *Aikins,* plaintiff's husband was transported to the defendant's hospital emergency room after suffering a massive cardiac arrest. *Id.* at 1331. When plaintiff, who is deaf, sought the services of a sign language interpreter to communicate with the hospital's doctor, the hospital informed her that it had no means of procuring interpreter services. *Id.* at 1332. As a result of her difficulties in communicating with the hospital staff, plaintiff brought suit against the hospital and the doctor, pursuant to the ADA, the Rehabilitation Act and various California civil rights statutes. *Id.* at 1331.

While the Northern District of California noted that an alleged violation of the ADA and the Rehabilitation Act is an injury sufficient to give rise to an Article III case or controversy, *see id.* at 1334, the court dismissed plaintiff's claims for injunctive relief on the ground that she had failed to show that she faced a real and immediate threat of future injury at the hands of the defendants. In reaching this decision, the court examined plaintiff's complaint, which alleged merely that she was a deaf individual who owned a mobile home seven miles from the defendant hospital and resided at the home for several days each year. According to the court, such allegations, without more, "do not establish [a] 'real and immediate threat' of future

harm." *Id.* at 1333 (quoting *Los Angeles v. Lyons,* 461 U.S. at 111, 103 S.Ct. at 1670). Specifically, the court indicated that plaintiff "has shown neither that she is likely to use the hospital in the near future, nor that defendants are likely to discriminate against her when she does use the hospital." *Id.* at 1334. Thus, the court concluded that plaintiff "has not shown that defendants' alleged discrimination is ongoing and that she is likely to be served by defendants in the near future." *Id.; see also Trautz v. Weisman,* 846 F.Supp. 1160, 1164–66 (S.D.N.Y.1994) (finding that plaintiff did not have standing to seek injunctive relief against adult care facility pursuant to the Rehabilitation Act when he left the facility prior to commencing suit and did not prove that there was a substantial likelihood that he again would be subjected to the alleged illegal actions of the defendants).

■ Examining the facts of the present case, the Court concludes that Schroedel has not established a real and immediate threat of repeated injury sufficient to confer standing for injunctive relief.[8] First, the Court notes that Schroedel resides at 309 West 57th Street in Manhattan and is employed in Long Island City, Queens. *See* Meloy Aff. at ¶ 22. Thus, the Hospital, which is located at First Avenue near 33rd Street, is not the nearest medical center to either Schroedel's residence or place of employment. Second, despite the fact that Schroedel's gynecologist practices at the Hospital, she has not alleged that she regularly utilizes the services of the Hospital for any specific medical condition. In fact, Schroedel has been a patient at the Hospital on just one prior occasion, when she was treated for a urinary tract infection in 1976. *Id.* at ¶ 23. Prior to the incident at issue, Schroedel had not utilized the services of the Hospital emergency room since 1983, when she also suffered from a urinary tract infection. *See* Meloy Aff. at ¶ 23. Rather, she sought medical assistance at a different hospital on two occasions between 1983 and 1992. Thus, in order to confer standing, the Court must accept Schroedel's inferences that (1) she shall experience a medical condition in the future that will require emergency room assistance; (2) she will decide to utilize the services of the Hospital for this condition; and (3) the Hospital will discriminate against her by failing to provide her with an effective means of communication. The Court concludes that these inferences amount to mere speculation. *See Northwest Airlines, Inc. v. Federal Aviation Admin.,* 795 F.2d 195, 201 (D.C.Cir.1986) (stating that "[t]he injury requirement will not be satisfied simply because a chain of events can be hypothesized in which the action challenged eventually leads to actual injury").

■ The Court also concludes that Schroedel's claims do not fall within the exception to the Article III standing requirement for cases that are deemed "capable of repetition yet evading review." *Diotte v. Blum,* 585 F.Supp. 887, 895 (N.D.N.Y.1984). The Supreme Court has limited the scope of this exception to only those cases in which: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). A mere physical or theoretical possibility of future injury

---

8. Schroedel argues that she has standing to seek injunctive relief by virtue of 28 C.F.R. § 36.501, which provides:

Any person who is being subjected to discrimination on the basis of disability in violation of the [ADA] ... or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the [ADA] ... may institute a civil action for preventive relief, including an application for a permanent or temporary injunction.... Nothing in this section shall require a person with a disability to engage in a futile gesture if the person has actual notice that a person or organization covered by title III of the Act or this part does not intend to comply with its provisions.

28 C.F.R. § 36.501(a) (1995); *see also* 42 U.S.C. § 12188(a)(1). The Court finds that Schroedel's claims do not qualify for injunctive relief under this section, however, as she is not currently "being subjected to discrimination." *Id.* Moreover, contrary to Schroedel's contention, the remaining portion of section 36.501(a) pertains to new construction and alterations to public accommodations and clearly does not apply to the case at bar.

is not sufficient to satisfy this test. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Rather, "there must be 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* (citing *Weinstein v. Bradford,* 423 U.S. at 149, 96 S.Ct. at 348).

As set forth above, Schroedel has failed to allege anything more than conjecture that the conduct complained of will injure her in the future. Accordingly, Schroedel's claims for injunctive relief are dismissed with leave to amend to show that she faces a real and immediate threat of future injury.[9] Further, as Schroedel does not have standing to assert her claims for injunctive relief, her motion for class certification is denied. *See Quinones v. Coler,* 651 F.Supp. 1028, 1031 (N.D.Ill.1987) (indicating that a named plaintiff must satisfy the case or controversy requirement before seeking relief on behalf of himself and the other class members).

## II. Intervention

■■■■ Naiman seeks leave to intervene in this action as a named plaintiff, pursuant to Federal Rule of Civil Procedure 24(b)(2). That provision states that:

> Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2). The Court recognizes that an intervenor may continue a suit for which the Court lacks jurisdiction over the original parties where the intervenor provides an independent jurisdictional basis for the relief sought. *Aeronautical Radio, Inc. v. F.C.C.,* 983 F.2d 275, 283 (D.C.Cir.1993)

(citing *Simmons v. Interstate Commerce Comm'n,* 716 F.2d 40, 46 (D.C.Cir.1983)). The Court concludes, however, that Naiman suffers from the same inability to establish an injury in fact necessary to assert a claim for injunctive relief as does Schroedel. Thus, while Naiman allegedly was injured by defendants' failure to provide him with a qualified sign language interpreter in the emergency room, he has not demonstrated a real or immediate threat that he will be wronged again. *See Los Angeles v. Lyons,* 461 U.S. at 111, 103 S.Ct. at 1669. In particular, although Naiman arguably lives closer to the Hospital than Schroedel, he has not shown that he suffers from a specific medical condition for which he shall need the services of the Hospital emergency room in the immediate future. In fact, while Naiman has suffered from more than one episode of kidney stones, he has provided no evidence that his condition is recurring or that such condition will necessitate that he seek the services of the Hospital as opposed to any other medical center. Accordingly, as the Court finds that Naiman does not have standing to assert any claims for injunctive relief on behalf of the plaintiff class, his motion to intervene as a named plaintiff in the class action is denied.

Moreover, as it appears that Schroedel has abandoned her claims for damages, Naiman's damages claims do not share a "question of law or fact in common" with those in the present action. *See Washington v. Wyman,* 54 F.R.D. 266, 271–72 (S.D.N.Y.1971) (stating that "intervenors cannot possibly· have a claim or defense in common with a plaintiff who never had a claim"); *see also Shapiro v. Empire City Pharmaceutical Soc'y, Inc.,* 1978–2 Trade Cas. (CCH) ¶ 62,318 (E.D.N.Y. Oct. 3, 1978) (disallowing intervention to assert damages claims where plaintiff's claims for injunctive relief were dismissed for lack of standing). Accordingly, while Naiman may bring a different action for damages, intervention is not warranted here.

---

9. Schroedel also moves to amend the complaint, pursuant to Rule 15(a), to add a cause of action based on defendants' alleged violation of N.Y.Comp. Codes R. & Reg. tit. 10, § 405.7 (1988). While motions for leave to amend a complaint are freely granted when justice so requires, *see* Fed.R.Civ.P. 15(a), the Court need not permit amendment where a plaintiff's proposed claim lacks merit. *See New York v. Cedar Park Concrete Corp.,* 741 F.Supp. 494, 496 (S.D.N.Y.1990) (finding that leave may be denied where amendment would be futile). As the Court already has determined that Schroedel lacks standing to seek injunctive relief, her motion to amend the complaint to assert an additional claim for such relief is denied.

## CONCLUSION

For the reasons set forth above, Schroedel's motion for class certification and for leave to amend the complaint is denied. Furthermore, Schroedel's claims for injunctive relief are dismissed with leave to amend to show that she faces a real and immediate threat of future injury at the hands of the defendants. Naiman's motion to intervene, pursuant to Federal Rule of Civil Procedure 24(b), is denied. The parties are directed to appear for a conference on Wednesday, June 7, 1995, at 10:30 a.m.

SO ORDERED.