Jeffrey **BRAVIN** and Ethan **Raymond Bravin, an infant by his father and natural guardian, Jeffrey Bravin, the Civil Association of the Deaf of New York City, Inc. (also known as the New York City Civic Association of the Deaf), Stephen G. Younger, II, President, on behalf of themselves and on behalf of all others similarly situated, Plaintiffs,**

v.

**MOUNT SINAI MEDICAL CENTER, Defendant.**

No. 97 Civ. 7034(RWS).

United States District Court, S.D. New York.

July 26, 1999.

Law Offices of Alan J. Rich, New York, NY, by Alan J. Rich, for Plaintiffs, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY, by Ricki Roer, Laura Alfredo, for Defendant, of counsel.

## OPINION

SWEET, District Judge.

Defendant Mount Sinai Medical Center ("Mt.Sinai") has moved, pursuant to Rule 59(e) of the Federal Rules of Civil Proce-

dure for reconsideration of this Court's opinion of April 14, 1999 (the "Opinion") granting partial summary judgment to plaintiffs Jeffrey Bravin ("Bravin") and Ethan Raymond Bravin (the "Bravins") with respect to Mt. Sinai's liability resulting from its denial of a qualified sign language interpreter to Bravin for a Lamaze class conducted at Mt. Sinai and attended by Bravin and his wife. For the reasons set forth below, Mt. Sinai's motion is granted in part and denied in part. Upon reargument that portion of the Opinion granting partial summary judgment to the Bravins is vacated.

### The Parties

Bravin is deaf and is the father and natural guardian of plaintiff Ethan Raymond Bravin. Bravin is a teacher of deaf children in a school in Queens, New York.

Naomi Bravin is the wife of Bravin and the mother of plaintiff Ethan Raymond Bravin.

Mt. Sinai maintains a hospital and medical facility rendering medical services to the public at One Gustave Levy Place, New York, New York, 10029 (the "Medical Center").

### Prior Proceedings and Facts

The facts and prior proceedings of this action are set forth in the prior opinions of the Court, familiarity with which is assumed. *See Bravin v. Mount Sinai Medical Center*, 186 F.R.D. 293 (S.D.N.Y.1999); *Bravin v. Mount Sinai Medical Center*, No. 97 Civ. 7034, 1998 WL 50209 (S.D.N.Y. February 6, 1998). Those facts and prior proceedings relevant to the instant motion are set forth below.

Bravin filed this action on September 19, 1997, and on that day moved, by order to show cause, for a preliminary injunction to compel Mt. Sinai to make immediately available a qualified sign language interpreter for meetings between Bravin and doctors or other primary care givers and to continue such availability while his son was in Mt. Sinai's Neo–Natal Intensive Care Unit ("NICU").

The motion was withdrawn when Mt. Sinai apparently agreed to provide the interpreter, and on September 26, 1997 an order was entered on stipulation providing for an interpreter as requested.

On April 30, 1998, Bravin filed an amended complaint (the "First Amended Complaint") adding plaintiffs Younger and NCCAD.[1]

Mt. Sinai filed its motion to dismiss on June 10, 1998. On October 14, 1998, plaintiffs filed their motions for partial summary judgment, to file a Second Amended Complaint, and for class certification.

On April 14, 1999, the Court issued the Opinion denying in part and granting in part Mt. Sinai's motion to dismiss the First Amended Complaint, granting Bravin's motion for partial summary judgment, denying in part and granting in part plaintiffs' motion to file a Second Amended Complaint, and denying plaintiffs' motion for class certification.

Mt. Sinai filed the instant motion for reconsideration on April 29, 1999. Oral argument was heard on May 19, 1999. Additional submissions were received through June 8, 1999, at which time the motion was deemed fully submitted.

### Discussion

### I. Mt. Sinai's Motion is Granted In Part and Denied In Part

#### A. Standard for Reconsideration

Mt. Sinai brings this motion for reconsideration pursuant to Rule 59(e). A motion for reargument and reconsideration is also brought pursuant to Local Rule 6.3. *See Candelaria v. Coughlin*, 155 F.R.D.

---

1. Younger is deaf and is the president of NCCAD, a New York not-for-profit corporation. NCCAD is the largest deaf-run organization for advocacy of deaf people in New York City. It is a local chapter of the National Association of the Deaf and the Empire State Association of the Deaf. Its members consider it a "watch dog" on city-wide issues, problems, and needs of people who are hearing impaired.

486, 490 (S.D.N.Y.1994); *Morser v. A.T. & T. Information Systems,* 715 F.Supp. 516, 517 (S.D.N.Y.1989).

■ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, defendant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237 (S.D.N.Y.1993); *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker,* 791 F.Supp. 1002, 1008 (S.D.N.Y.1992); *Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n,* 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y. 1985). In deciding a Local Rule 6.3 motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser,* 715 F.Supp. at 517; *Korwek v. Hunt,* 649 F.Supp. 1547, 1548 (S.D.N.Y. 1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 1989 WL 162315, at * 3 (S.D.N.Y.1989). The decision to grant or deny a motion for reargument is within the sound discretion of the district court. *See Schaffer v. Soros,* 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994).

■ As an initial matter, Mt. Sinai submits that the Court "functioned under a misapprehension" in finding that Mrs. Bravin could not have attended the Lamaze classes by herself. (Defendant's Brief at 2). Regardless of whether expectant mothers may attend Lamaze classes at Mt. Sinai by themselves, the fundamental fact remains that Mt. Sinai as a "public accommodation," was providing a service—Lamaze classes—to mothers-to-be and their chosen partners, in this case, Bravin, a qualified individual with a disability. Despite the quantity and intensity of communication devoted to this point by the parties, it is not relevant whether either of the Bravins could have attended the classes alone. Rather, the point is that since the course, as a benefit or service, was open to a person without a disability, Mt. Sinai cannot deny access to that benefit or service to a person with a disability. Accordingly, and as noted in the Opinion, *see Bravin,* 186 F.R.D. 293, 304–05, it would appear that in order to allow Bravin to participate in and benefit from the service being provided, Mt. Sinai was required to make some reasonable accommodation for Bravin. *See Alexander v. Choate,* 469 U.S. 287, 301, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985) (the RA requires that "an otherwise qualified handicapped individual [ ] be provided with meaningful access to the benefit that the grantee offers. . . . [T]o assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made."); 28 C.F.R. § 35.130(b)(7) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity.").

Mt. Sinai also contends that partial summary judgment was premature as no discovery has taken place and that questions of fact exist regarding whether effective communication was achieved and as to the

intentionality of the alleged discrimination under the Rehabilitation Act of 1973 (the "RA"), 29 U.S.C. § 794.

### B. The Motion for Reconsideration is Denied with Respect to Effective Communication

■ Mt. Sinai submits that whether effective communication was obtained by Bravin is a question of fact which requires discovery. Mt. Sinai has failed to demonstrate that the Court overlooked any factual matters or controlling authority on this issue.

The Opinion specifically states, "what constitutes 'effective communication' is a question of fact" *See Bravin,* 186 F.R.D. 293, 302–03 (*citing Borkowski v. Valley Cent. School Dist.,* 63 F.3d 131 (2d Cir. 1995)). The Opinion also acknowledges that "[t]o say that a reasonable accommodation is required, however, does not necessarily mean that Bravin was entitled to a qualified interpreter." *Bravin,* 186 F.R.D. 293, 304–05. However, Mt. Sinai's position on the underlying motion was that Bravin did not have any right to *any* accommodation with respect to the Lamaze classes. Given that Mt. Sinai did not provide Bravin with any accommodation,[2] it seems obvious that "effective communication" could not have been achieved. It is thus unclear what purpose discovery on this issue would serve.

### C. The Motion for Reconsideration is Granted with Respect to Intentional Discrimination and the Grant of Summary Judgment is Vacated

■ "Most, but not all, courts agree that compensatory damages are recoverable under [the RA] only in cases involving intentional discrimination." *Bartlett v. New York State Board of Law Examiners,*

970 F.Supp. 1094, 1147 (S.D.N.Y.1997), *aff'd in part, vacated in part on other grounds,* and *remanded* 156 F.3d 321 (2d Cir.1998). In the context of the RA, intentional discrimination against the disabled does not require personal animosity or ill will. *See Bartlett v. New York State Board of Law Examiners,* 156 F.3d at 331 (*citing Tyler v. City of Manhattan,* 118 F.3d 1400, 1406 (10th Cir.1997)). Intentional discrimination may be inferred when a "policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the [challenged] policy ... [or] custom." *Bartlett,* 156 F.3d at 331 (*quoting Ferguson v. City of Phoenix,* 931 F.Supp. 688, 697 (D.Ariz.1996), *aff'd* and *remanded,* 157 F.3d 668 (9th Cir.1998)).

Mt. Sinai contends that genuine issues of material fact exist as to its intent and whether it acted with "deliberate indifference." Mt. Sinai submits that the record presented to this Court on the underlying motion established that it was dealing with a novel issue and that it had exhibited a laudatory-record of compliance with known guidelines. Mt. Sinai points to the affidavit of Nina Kuscsik ("Kuscsik"), a Patient Representative, detailing a full range of services and aids that the Medical Center provides to hearing-impaired patients and their families and demonstrating Mt. Sinai's record of complying with all applicable discrimination laws. Mt. Sinai urges that the affidavit of Kuscsik in conjunction with the "ambiguities" of the guidelines set forth in the policy letter from the United States Department of Health and Human Services ("HHS")[3] raise a question of fact

---

**2.** Mt. Sinai did not allege on the underlying motion that it provided Bravin with any accommodation. Moreover, Mt. Sinai has offered no evidence on either the underlying or the instant motion that Bravin was afforded any accommodation.

**3.** The policy letter from HHS stated in relevant part that:

if prenatal classes are offered as a service to both husbands and wives, a hearing impaired husband must be provided with auxiliary aids so as to afford him the same opportunity to benefit from the services as nonhandicapped husbands.

as to the intentionality of Mt. Sinai's conduct with respect to the Lamaze classes.

Notwithstanding Kuscsik's recitation of Mt. Sinai's commendable history of providing services to the hearing-impaired, based on the record on the underlying motion it would be difficult not to conclude that Mt. Sinai acted with deliberate indifference to Bravin's rights. As noted above, Mt. Sinai's primary argument was that since the Lamaze classes were not "offered" to Bravin, the Medical Center had no obligation to provide him with auxiliary aids. As stated in the Opinion, *see Bravin,* 186 F.R.D. 293, 304–05, and as discussed above, this contention is without merit, and does not suggest that defendant was "sincerely trying to perform its job and follow state and federal guidelines." (Defendant's Brief at 5 (*citing Marvin H. v. Austin Ind. Sch. Dist.,* 714 F.2d 1348 (5th Cir.1983)).

 However, Mt. Sinai is correct that this Court did not render a finding on defendant's intent,[4] and that in the absence of a finding of intentional discrimination, plaintiff's motion for summary judgment should not have been granted. As Mt. Sinai rightly notes, an analysis of the mental state of the policymaker, along with the totality of defendant's efforts to accommodate the plaintiff and others similarly situated must be undertaken in order to determine whether defendant acted with deliberate indifference. *See Ferguson,* 931 F.Supp. at 697. Accordingly, Mt. Sinai's motion for reconsideration is granted, and that portion of the Opinion granting partial summary judgment to the Bravins is vacated.

### Conclusion

For the reasons set forth above, Mt. Sinai's motion for reconsideration is granted in part and denied in part, and that portion of the Opinion granting partial

summary judgment to the Bravins is vacated.

Settle judgment on notice.

It is so ordered.

---

4. The Opinion deals with the RA and intentional discrimination only within the context of Mt. Sinai's Rule 12(b)(6) motion. *See Bravin,* 186 F.R.D. 293, 301–02.